Stacey F. Blank, Bar No. 174378
sblank@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583

Dana H. Hassan, Bar No. 321071
dhassan@littler.com
LITTLER MENDELSON, P.C.
50 W San Fernando St., 7th Floor
San Jose, California 95113
Telephone: (408) 998-4150
Fax No.: (408) 288-5686

Attorneys for Defendant
CENTENE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIDA LAZO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CENTENE CORPORATION, a Delaware Corporation, and DOES 1-20, Inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[28 U.S.C. §§ 1332, 1441 and 1446]**<br><br>Complaint Filed:<br>April 25, 2023<br>Los Angeles Superior Court |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Centene Corporation ("Defendant") hereby files this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441(a), and 1446, and removes this action from the Superior Court for the State of California, in and for the County of Los Angeles, to the United States District Court for the Central District of California. As grounds for removal, Defendant states as follows:

**STATE COURT ACTION**

1. Plaintiff Avida Lazo filed a lawsuit in the Superior Court for the State of California, in and for the County of Los Angeles entitled *Avida Lazo v. Centene Corporation, a Delaware Corporation, and DOES 1 through 20, inclusive*, Docket No. 23STCV09160 (the "State Court Action") on August 16, 2022. Exhibit A, Complaint. The State Court Action asserts the following causes of action: (1) Retaliation; (2) Hostile Work Environment; (3) Constructive Discharge; (4) Violation of Cal. Labor Code § 512 – Meal Periods; (5) Violation of Industrial Welfare Commission Wage Order 9 – Rest Breaks; (6) Violation of Cal. Labor Code § 226(a); (7) Violation of Cal. Labor Code § 210; and (8) Violation of Cal. Labor Code § 203. *Id*. at ¶¶ 27-53.

**TIMELINESS OF REMOVAL**

2. Defendant was served with process of the Complaint and Summons on April 26, 2023. A true and correct copy of the Notice of Service of Process, Summons, Complaint, Civil Case Cover Sheet, along with Defendant's Answer to Plaintiff's Complaint (filed with the Los Angeles County Superior Court by Defendant on May 25, 2023) are attached as Exhibit A and constitute all process, pleadings and orders served in this action to the present date. *See* 28 U.S.C. § 1446(a).

3. Accordingly, this Notice of Removal is timely as it has been filed within 30 days of receipt of the Summons and Complaint by Defendants. *See* 28 U.S.C. § 1446(b).

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

## DIVERSITY JURISDICTION

4. This Court has diversity jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a) and Defendant may remove this action to this Court pursuant to 28 U.S.C. § 1441(b) because the parties are citizens of different states and the amount in controversy exceeds the $75,000.00, exclusive of interest and costs.

### DIVERSITY OF CITIZENSHIP

5. Plaintiff is a resident and citizen of the County of Los Angeles, California. *See* Exhibit A, Compl. ¶ 1.

6. Defendant Centene Corporation is a Delaware Corporation with its headquarters and principal place of business in St. Louis, Missouri. *See id.* ¶ 2; and Exhibit B, State of California Statement of Information. A true and correct copy of Defendant's Statement of Information on record with the California Secretary of State is attached hereto as Exhibit B. Defendant is the only defendant that has been served with summons and complaint in this action. Consequently, Defendant is not a citizen of California and there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(c)(1).[1]

### AMOUNT IN CONTROVERSY

7. The matter in controversy in the State Court Action exceeds the sum or value of $75,000, as is required by 28 U.S.C. § 1332(a).[2] The removing party does not need to prove actual facts but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, *2 (C.D. Cal. March 3, 2015) (citing *Dart Cherokee*

[1] Defendants identified only as "Doe" are disregarded when examining diversity of citizenship. 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

[2] Defendant does not concede Plaintiff's allegations are true or that her claims have any merit. Defendant provides the following information only to demonstrate that the amount in controversy, based on the demand and relief sought by Plaintiff, taken as a whole exceeds the $75,000 jurisdictional requirement.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

*Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014)). Moreover, Defendant need not submit evidence to support its notice of removal. *Dart Cherokee*, 135 S. Ct. at 553. Defendant need only plausibly allege that the amount in controversy exceeds $75,000. *Id.* ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").

8. In her Complaint, Plaintiff alleges she received a right to sue letter after submitting a charge with the State of California for harassment, discrimination and retaliation, and constructive discharge. *See* Exhibit A, Compl. ¶¶ 19-39. Plaintiff seeks past and future economic damages, non-economic (emotional distress) damages, punitive damages, and attorney's fees. *Id*. at p. 11-12. Plaintiff also alleges various statutory based causes of action alleging violations of California law with respect to meal and rest breaks as well as a willful failure to pay wages when due upon discharge. *See* Exhibit A, Compl. ¶¶ 40-53.

9. At the time of the termination of Plaintiff's employment on October 21, 2022, she was a full-time employee earning $112,015.28 per year. If Plaintiff were to recover back wages from October 21, 2022 (when her employment with Defendant ended) to the present, she potentially could recover back wages totaling approximately $64,624.20/$2,154.14/wk. x 30 wks.). Moreover, if the case proceeds to trial in April 2024 – a year from when Defendant was served – and Plaintiff remains unemployed, she would be seeking a total of about 75 weeks of lost wages, or approximately $**161,560.50** ($2,154.14/wk. x 75 wks.). Accordingly, wages alone account for the threshold amount for diversity jurisdiction.

10. Plaintiff alleges that she was subjected to harassment starting in 2021 and continuing through her resignation, as a result of Defendant's alleged unlawful conduct, she seeks recovery of "General, compensatory, and special damages." *See* Exhibit A, Compl. Plaintiff's potential recovery of such damages further augments the foregoing amount and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (holding that

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

emotional distress damages are included in determining amount in controversy); *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish"). In determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). In *Kroske*, the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Kroske*, 432 F.3d at 980. Based on the conservative estimate from *Kroske*, Plaintiff's potential recovery of emotional distress damages could add at least **$50,000** to the amount in controversy.

11. Plaintiff also seeks punitive damages which may be included in the amount in controversy. Exhibit A, Compl., p. 12; *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-46 (9th Cir. 2001). According to the U.S. Supreme Court, punitive damages can be up to four times higher than the amount of compensatory damages. *See State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408, 425 (2003). Employment discrimination cases have the potential for large punitive damages awards. *See Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) (observing punitive damages awards exceeding $1,000,000 in employment cases). Jury verdicts in California cases involving similar factual allegations demonstrate that, were Plaintiff to prove the allegations of the Complaint and prevail at trial, her punitive damages could bring the amount in controversy to well over the $75,000 threshold. For instance, in *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009), the plaintiff alleged that, after she began experiencing panic attacks during her employment, her employer refused to accommodate her condition by permitting her to be absent without notice, and

ultimately terminated her employment for violating its attendance policy. The plaintiff then sued and asserted claims under the FEHA for disability discrimination and harassment, failure to accommodate, and wrongful termination. The jury returned a verdict for the plaintiff and awarded punitive damages of $15 million against the employer. The intermediate appellate court reduced the punitive damages award to $2 million, and the California Supreme Court further reduced it to $1,905,000 (equal to the compensatory damages award). In *McGee v. Tucoemas Federal Credit Union*, 153 Cal. App. 4th 1351 (2007), the plaintiff alleged that, after she had taken a leave of absence to undergo treatment for breast cancer, her employer required her to return to work after four months and told her that she would be fired if she needed more time. When she requested that she be permitted to work from home, her request was denied; upon returning to work, she was demoted to a position that involved greater physical demands. The plaintiff resigned her position due to stress. She then sued the employer, alleging claims of disability discrimination, failure to provide a reasonable accommodation, and failure to engage in the interactive process. The jury returned a verdict for the plaintiff and awarded her $1.2 million in punitive damages against the employer. The appellate court affirmed. Even using the conservative lost wages and emotional distress damages figures listed above, an award of punitive damages to Plaintiff could amount to **$1,104,738.8** ($276,184.70 x 4).

12. Plaintiff also seeks attorneys' fees in connection with her claims. *See* Compl. at p. 12. It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Sasso*, 2015 WL 898468, at *6. Attorneys' fees are recoverable as a matter of right to a prevailing plaintiff under the Fair Employment and Housing Act. Cal. Gov't Code § 12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D.

Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages"). Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Id.* "Recent estimates for the number of hours expended through trial for employment cases in [the Eastern District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." *Sasso*, 2015 WL 898468, at *6. Thus, the attorneys' fees component of Plaintiff's claims easily adds at least **$30,000** to the amount in controversy, if not more.

13. Based on the $226,184.70 in back pay, $50,000 in emotional distress damages, and the potential for up to four times that in additional punitive damages, plus at least $30,000 in attorneys' fees, it is plausible that the amount in controversy in the State Court Action far exceeds $75,000.00. *See Dart Cherokee*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

## VENUE

14. The Pending Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Los Angeles County, which lies within this District. *See* 28 U.S.C. §§ 84(c), 1391(a), and 1441(a).

## NOTICE TO STATE COURT AND PLAINTIFF

15. Contemporaneously with the filing of this Notice of Removal, Defendant will file a Notice with the Clerk of the Superior Court of the State of California, County of Los Angeles. *See* 28 U.S.C. § 1446(d).

16. This Notice of Removal and a Notice of Filing of Notice of Removal will also be promptly served upon Plaintiff's counsel of record: ADEPT LEGAL COUNSEL, P.C., Brian Heit and Brady Anderson, 440 N. Barranca Ave., Ste. 8933,

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Covina, CA 91723; (310) 744-5227; Brian@adeptcounsel.co and Brady @adeptcounsel.co.

**CONCLUSION**

WHEREFORE, Defendant respectfully requests that the State Court Action be removed from the Superior Court of the State of California, County of Los Angeles, and hereinafter proceed in the United States District Court for the Central District of California.

Dated: May 26, 2023

Respectfully submitted,

LITTLER MENDELSON, P.C.

Stacey F. Blank
Dana H. Hassan

Attorneys for Defendant
CENTENE CORPORATION

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically FILED by Superior Court of California, County of Los Angeles 4/25/2023 3:39 PM David W. Slayton, Executive Officer/Clerk of Court, By S. Bolden, Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Centene Corporation, a Delaware Corporation and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Avida Lazo; an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Stanley Mosk Courthouse
111 North Hill Street
Los Angeles CA 90012

CASE NUMBER:
*(Número del Caso):*
23STCV09160

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brady Anderson 347321 (310) 744-5227
440 North Barranca Avenue, Suite 8933 Covina, CA 91789

DATE: *(Fecha)* 04/25/2023 David W. Slayton, Executive Officer/Clerk of Court Clerk, by *(Secretario)* S. Bolden , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: Centene Corporation, a Delaware Corporation

under:
- [X] CCP 416.10 (corporation)
- [ ] CCP 416.20 (defunct corporation)
- [ ] CCP 416.40 (association or partnership)
- [ ] CCP 416.60 (minor)
- [ ] CCP 416.70 (conservatee)
- [ ] CCP 416.90 (authorized person)
- [ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:

Brian M. Heit, Esq., SBN 302474
Brady Anderson, Esq., SBN 347321
ADEPT LEGAL COUNSEL, P.C.
440 North Barranca Avenue, Suite 8933
Covina, CA 91723
Telephone (310) 744-5227
Facsimile (850) 254-1950
Email Brian@adeptcounsel.co; Brady@adeptcounsel.co
*Attorney for Plaintiff, Avida Lazo*

Electronically FILED by Superior Court of California, County of Los Angeles 4/25/2023 10:31 AM David W. Slayton, Executive Officer/Clerk of Court, By E. Galicia, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN THE COUNTY OF LOS ANGELES**

Avida Lazo, an individual;

Plaintiff,

vs.

Centene Corporation, a Delaware Corporation and DOES 1-20, inclusive

Defendant.

**Case Number:** 23STCV09160

**COMPLAINT FOR DAMAGES:**

1. **Retaliation**
2. **Hostile Work Environment**
3. **Constructive Discharge**
4. **Violation of Cal. Labor Code § 512 – Meal Periods**
5. **Violation of Industrial Welfare Commission Wage Order 9 – Rest Breaks**
6. **Violation of Cal. Labor Code § 226(a)**
7. **Violation of Cal. Labor Code § 210**
8. **Violation of Cal. Labor Code § 203**

**DEMAND FOR JURY TRIAL**

Plaintiff, Avida Lazo, an individual, hereby complains against Centene Corporation, a Delaware corporation, and DOES 1 to 20, inclusive, and each of them, for i) Retaliation, ii) Hostile Work Environment, iii) Constructive Discharge, iv) Violation of Cal. Labor Code § 512 – Meal Periods, v) Violation of Industrial Welfare Commission Wage Order 9 – Rest Breaks, vi) Violation of Cal. Labor Code § 226(a), vii) Violation of Cal. Labor Code § 210, viii) Violation of Cal. Labor Code § 203.



440 North Barranca Avenue, Suite 8933, Covina, CA 91723

440 North Barranca Avenue, Suite 8933, Covina, CA 91723

## I. PARTIES

1. Plaintiff Avida Lazo is an individual, who at all times herein is, and was, a resident of the County of Los Angeles, State of California.

2. Defendant, Centene Corporation is a corporation under the Laws for the State of Delaware, duly registered with the California Secretary of State (3951008) and located in Los Angeles County.

3. Plaintiff is ignorant of the true names and capacity of Defendants sued herein as DOES 1 to 20 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the injuries to the Plaintiff as alleged herein, and that such injuries as herein alleged were proximately caused by such defendants.

4. Plaintiff is informed and believes, and based thereupon alleges that at all relevant times herein mentioned each of the Defendants and Does 1 to 20, inclusive, were the agents, servants and/or employees, partner, predecessor-in-interest, successor-in-interest, beneficiary, executor, fictitious business name, trustee, subsidiary, related/affiliated entity, assignee, assignor, legal representative, general administrator, member, co-conspirator, and/or joint venturer or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendant has ratified, consented to, had actual and/or constructive knowledge of, was bound by, approved or, and/or failed to prevent the acts of their agents, employees, predecessor-in-interest, successor-in-interest, trustees, trustors, and/or representatives, and that each actively, passively, acquiesced, participated in, allowed, aided and abetted, assisted, acted, or failed to act, with one another in the commission of the wrongdoing alleged in this Complaint.

5. Whenever in this Complaint an act or omission of a corporation or business entity is alleged, said allegations shall be deemed to mean and include an allegation that the corporation

or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation.

## II. RESPONDEAT SUPERIOR

6. Based upon information and belief Plaintiff, Avida Lazo, alleges that with respect to Defendants, Centene Corporation, and DOES 1 to 20, inclusive, and each of them, that their capacity is, or may be, that of an employer/employee in relation to the entity Defendant for which they acted within their capacity and scope as an employee of that corporation or business entity.

7. As a result of the tortious conduct perpetrated by Defendant(s)' employee, such employee was acting within the scope of his employment duties and their tortious conduct was therefore imputable to the corporation or business entity Defendant under the doctrine of respondeat superior.

8. At the time of the tortious conduct that injured the Plaintiff, Avida Lazo, that was committed by the corporation or business entity Defendant(s)' employee, such employee was acting within the scope of their apparent authority, such that the Plaintiff was justified in relying on the appearance of authority respecting the employee's actions. Such tortious conduct was therefore imputable to the corporation or business entity Defendant(s) under the doctrine of respondeat superior.

9. The tortious conduct that was committed by the corporation or business entity Defendant(s)' employee and which injured the Plaintiff, Avida Lazo, as described herein, was authorized or approved in advance by the corporation or business entity Defendant(s), and thus, such tortious conduct is imputable to the corporation or business entity Defendant(s) under the doctrine of respondeat superior.

10. The tortious conduct that was committed by the corporation or business entity Defendant(s)'employee and which injured the Plaintiff, Avida Lazo, as described herein, subsequently ratified by Defendant(s), and thus, such tortious conduct is imputable to Defendant(s) the corporation or business entity under the doctrine of respondeat superior.

440 North Barranca Avenue, Suite 8933, Covina, CA 91723

## III. AIDING & ABETTING & CIVIL CONSPIRACY

11. Based upon information and belief, Plaintiff, Avida Lazo, therefore alleges that Defendants, Centene Corporation, and DOES 1 to 20, inclusive, and each of them, were aiders/abettors/co-conspirators of each other, who aided and abetted each other in a scheme to deprive the Plaintiff of her rights, title and interests as alleged herein.

12. In committing the wrongful acts alleged herein, Defendants, and each of them, have pursued, or joined in the pursuit of a common course of conduct, and have acted in concert via agreement with, and conspired with one another in furtherance of the improper acts, plans, schemes, and transactions that are the subject of this Complaint.

13. In addition, each of the Defendants rendered substantial assistance in the wrongs complained of herein. In taking such actions to substantially assist the commission of the wrongdoing complained of herein, each Defendant acted with knowledge of the primary wrongdoing, and was aware of his, her or its overall contribution to, and furtherance of the wrongdoing.

14. Consequently, the actions of Defendants, Centene Corporation, and DOES 1 to 20, inclusive, and each of them, were done not in the best interest of the other.

15. As a result, based upon information and belief, Plaintiff, Avida Lazo, thereon alleges that each Defendants, Centene Corporation, and DOES 1 to 20, inclusive, and each of them, is liable for the events and damages as alleged herein by their knowingly, consenting to or approving the unlawful acts.

16. As such, Defendants, Centene Corporation, and DOES 1 to 20, inclusive, and each of them, should be held accountable for each other's wrongful misconduct as set forth herein. An inequitable result will follow if such Defendants are not treated as aiders, abettors and co-conspirators of the facts as alleged herein.

## IV. JURISDICTION & VENUE

17. The Superior Court of the State of California in and for the County of Los Angeles has jurisdiction over this action and venue is proper in this Court as the unlawful conduct was committed within the confines and borders of Los Angeles, California.

440 North Barranca Avenue, Suite 8933, Covina, CA 91723

18. The amount in controversy is more than $25,000.

## V. GENERAL ALLEGATIONS

19. Plaintiff, Avida Lazo, worked for Employer for sixteen years and was employed as a senior care manager when she was forced to resign. As a senior care manager, Plaintiff was responsible for her own case load of Provider Appeals as well as managing 11-12 nurses. Corrinne Lovendahl ("Ms. Lovendahl"), as Plaintiff's supervisor, would assign Plaintiff with complex cases, administrative tasks and provide feedback to Plaintiff when necessary.

20. Plaintiff went out on medical leave in 2019 until April of 2020. When she returned from medical leave, Ms. Lovendahl was her new supervisor. From April 2020 through June of 2021, Plaintiff worked cohesively with Ms. Lovendahl and did not have any issues at Employer. However, starting in 2021, Ms. Lovendahl began acting much friendlier with Plaintiff. Ms. Lovendahl would talk to Plaintiff about extremely intimate details of her life, including Ms. Lovendahl's son's suicide.

21. Plaintiff began feeling more uncomfortable as Ms. Lovendahl continued to share intimate details of her life with Plaintiff on a daily basis. Eventually, this communication began interfering with Plaintiff's work. At this point, Plaintiff told Ms. Lovendahl that she felt it would be best if they kept their relationship strictly professional. Ms. Lovendahl did not respect Plaintiff's desire to keep their relationship professional, and instead began a campaign of retaliation against Plaintiff.

22. Ms. Lovendahl began making unwarranted criticisms about Plaintiff's work behind her back after Ms. Lovendahl had already approved of Plaintiff's work. Ms. Lovendahl began constantly changing Plaintiff's job duties, so Plaintiff never knew exactly what was expected of her. Ms. Lovendahl would do this, so she could assign work to Plaintiff that Ms. Lovendahl was responsible for. Ms. Lovendahl would attend upper management meetings and then purposely fail to tell Plaintiff of any changes that were made at the meeting, so it would look like Plaintiff messed something up. Ms. Lovendahl also spoke in a condescending manner to Plaintiff whenever she spoke to her after Plaintiff asked her to keep their relationship professional.

440 North Barranca Avenue, Suite 8933, Covina, CA 91723

23. At this point, Plaintiff sent an email to Allison Norrup ("Ms. Norrup") in Human Resources about the treatment she was facing from Ms. Lovendahl. Ms. Norrup essentially dismissed Plaintiff's complaint and failed to take any remedial action. Plaintiff also consulted her Manager, Loree Fink ("Ms. Fink") about the situation. Plaintiff was instructed to work it out with Ms. Lovendahl. Plaintiff realized that Employer was not going to take any action to remedy Ms. Lovendahl's behavior, so she tried to make it work with Ms. Lovendahl.

24. Unfortunately, Plaintiff's situation only got worse after she complained to Ms. Norrup in Human Resources and her Manager, Ms. Fink. Ms. Lovendahl began assigning Plaintiff with an unreasonable amount of work which caused Plaintiff to work overtime several days of the week. Ms. Lovendahl would then tell Plaintiff that she was not going to be paid for the overtime she worked because Ms. Lovendahl had not approved the overtime. Not only was Plaintiff denied pay for the overtime hours she worked but she was also never provided a rest break and rarely received a 30-minute meal period. Plaintiff endured this treatment from Ms. Lovendahl until she was left with no alternative but to resign. Plaintiff still has not received pay for her missed rest breaks and overtime hours worked, despite the fact that she resigned over thirty days ago.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

25. Plaintiff by and through counsel sent a demand to Defendant regarding the issues alleged above. Defendant failed to address Plaintiff's demand letter.

26. On, or about, April 24, 2023, Plaintiff filed a charge with the State of California, Department of Fair Employment and Housing (hereinafter referred to as "DFEH") and obtained a Right to Sue Letter regarding Claim No. 202304-20453624 for the following:

- ☐ Complainant was harassed because of complainant's race.
- ☐ Complainant was discriminated against because of complainant's race and as a result of the discrimination was denied hire or promotion, demoted, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation.
- ☐ Complainant experienced retaliation because complainant reported or resisted any form of discrimination or harassment and as a result was denied hire or promotion, denied or forced transfer, demoted, asked impermissible non-job-related questions, denied a work environment free



440 North Barranca Avenue, Suite 8933, Covina, CA 91723

440 North Barranca Avenue, Suite 8933, Covina, CA 91723

of discrimination and/or retaliation, failed to give equal considerations in making employment decisions, partial recommendation for subsequent employment in retaliation for filing discrimination or harassment complaints.

(Attached hereto as Exhibit A, is a true and correct copy of the April 24, 2023, Right to Sue Letter issued in the Claim No. 202304-20453624 by the State of California, Department of Fair Employment and Housing, and incorporated herein by this reference.)

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**Retaliation**

*(As to Defendants, Centene Corporation, and DOES 1 to 20, inclusive)*

27. Plaintiff refers to and incorporates by reference paragraphs 1 through 26 above, inclusive, as though set forth in full herein, and alleges this First Cause of Action for Retaliation, as against Defendant and DOES 1 to 20 as aiders, abettors and conspirators, inclusive, and each of them, as follows:

28. Here, Plaintiff engaged in a protected activity when she made formal complaints to Ms. Lovendahl, Ms. Fink, and Ms. Norrup about Ms. Lovendahl's unprofessional and harassing behavior.

29. Plaintiff was subjected to an adverse employment action when she was told by Ms. Fink and Ms. Norrup to "work it out" with Ms. Lovendahl instead of taking any corrective action to remedy Ms. Lovendahl's behavior.

30. There is a casual connection between the protected activity and the adverse employment action because Plaintiff made several formal complaints to her managers and Human Resources and Plaintiff was affirmatively told that Defendant was not going to take any action to remedy Ms. Lovendahl's behavior. As a result, Ms. Lovendahl continued to retaliate against Plaintiff for making a formal complaint about her.

**SECOND CAUSE OF ACTION**

**Hostile Work Environment**

*(As to Defendants, Centene Corporation, and DOES 1 to 20, inclusive)*

31. Plaintiff refers to and incorporates by reference paragraphs 1 through 30 above, inclusive, as though set forth in full herein, and alleges this Second Cause of Action for Hostile Work Environment, as against Defendant and DOES 1 to 20 as aiders, abettors and conspirators, inclusive, and each of them, as follows:

32. Plaintiff is a member of a protected class because she made a formal complaint about her manager, Ms. Lovendahl to Ms. Lovendahl, Ms. Fink, and Ms. Norrup.

33. Plaintiff was subjected to unwelcome harassment when she made a formal complaint about Ms. Lovendahl to her managers and Human Resources.

34. This harassment was based on Plaintiff's protected as someone who made a formal complaint because Ms. Lovendahl began retaliating against and harassing Plaintiff because Plaintiff made a formal complaint about her.

35. This harassment unreasonably interfered with Plaintiff's ability to perform her job and created an intimidating and hostile environment.

36. Defendant is liable for the harassment that Plaintiff endured because she informed her manager, Ms. Fink and Ms. Norrup in Human Resources about the harassment she was facing from Ms. Lovendahl, and Defendant failed to take remedial action.

**THIRD CAUSE OF ACTION**

**Constructive Discharge**

*(As to Defendants, Centene Corporation, and DOES 1 to 20, inclusive)*

37. Plaintiff refers to and incorporates by reference paragraphs 1 through 36 above, inclusive, as though set forth in full herein, and alleges this Third Cause of Action for Constructive Discharge, as against Defendant and DOES 1 to 20 as aiders, abettors and conspirators, inclusive, and each of them, as follows:

38. As a result of Defendant's failure to remedy Ms. Lovendahl's harassment and retaliation of Plaintiff, Plaintiff was constructively discharged from her position with Defendant.

440 North Barranca Avenue, Suite 8933, Covina, CA 91723

By failing to take any remedial action, Defendant and Ms. Lovendahl created working conditions that were so intolerable that Plaintiff was left with no alternative but to resign.

39. As stated above, Plaintiff made several formal written and verbal complaints about the treatment she was enduring from Ms. Lovendahl. All of Plaintiff's complaints were ignored or dismissed. Plaintiff complained to Ms. Lovendahl, Ms. Fink, and Ms. Norrup, all of whom are in managerial positions with Defendant, about the treatment she was facing from Ms. Lovendahl, yet no remedial action was taken. This left Plaintiff with no alternative but to resign.

**FOURTH CAUSE OF ACTION**

**Violation of Cal. Labor Code § 512**

*(As to Defendants, Centene Corporation, and DOES 1 to 20, inclusive)*

40. Plaintiff refers to and incorporates by reference paragraphs 1 through 39 above, inclusive, as though set forth in full herein, and alleges this Fourth Cause of Action for Violation of Cal. Labor Code § 512, as against Defendant and DOES 1 to 20 as aiders, abettors and conspirators, inclusive, and each of them, as follows:

41. During the course of her employment, Plaintiff was a full-time non-exempt hourly employee for Defendant. Plaintiff typically worked a schedule of eight hours a day for five days. Pursuant to Cal. Labor Code § 512, employees are entitled to a thirty-minute meal break after every five hours of work. Therefore, Plaintiff was entitled to one meal break of at least thirty minutes each day that she worked at Defendant.

42. Here, Defendant failed to provide Plaintiff with meal breaks and therefore, violated Cal. Labor Code § 512. Defendant also forced employees to enter a meal break into the Dayforce app in order to clock out for the day. Even if the employee did not receive a meal break for that day, Defendant still made each employee designate that they took a meal break.

**FIFTH CAUSE OF ACTION**

**Violation of Industrial Welfare Commission Wage Order 9**

*(As to Defendants, Centene Corporation, and DOES 1 to 20, inclusive)*

43. Plaintiff refers to and incorporates by reference paragraphs 1 through 42 above, inclusive, as though set forth in full herein, and alleges this Fifth Cause of Action for Violation of



440 North Barranca Avenue, Suite 8933, Covina, CA 91723

Industrial Welfare Commission Wage Order 9, as against Defendant and DOES 1 to 20 as aiders, abettors and conspirators, inclusive, and each of them, as follows:

44. During the course of her employment, Plaintiff was a full-time non-exempt hourly employee for Defendant. Plaintiff typically worked a schedule of eight hours a day for five days a week. Pursuant to the Industrial Welfare Commission Wage Order 9, employees are entitled to a ten-minute rest break after every four hours of work. Therefore, Plaintiff was entitled to two rest breaks of at least ten minutes each day that she worked at Defendant.

45. Here, Defendant failed to provide Plaintiff with rest breaks at any time. As a result, Defendant violated Industrial Welfare Commission Wage Order 9 and Plaintiffs were harmed.

**SIXTH CAUSE OF ACTION**

**Violation of Cal. Labor Code § 226(a)**

*(As to Defendants, Centene Corporation, and DOES 1 to 20, inclusive)*

46. Plaintiff refers to and incorporates by reference paragraphs 1 through 45 above, inclusive, as though set forth in full herein, and alleges this Sixth Cause of Action for Violation of Cal. Labor Code § 226(a), as against Defendant and DOES 1 to 20 as aiders, abettors and conspirators, inclusive, and each of them, as follows:

47. California Labor Code § 226(a) requires that employers provide their employees with accurate wage statements which includes providing the employee's gross and net earned wages on their wage statements.

48. Here, Defendant did not include the accurate amount Plaintiff's gross or net earned wages because they failed to pay the Plaintiff for her rest breaks and also failed to pay Plaintiff her overtime rate for working during their rest and meal breaks. Therefore, Defendant did not provide accurate wage statements and are in violation of section 226(a).

**SEVENTH CAUSE OF ACTION**

**Violation of Cal. Labor Code § 210**

*(As to Defendants, Centene Corporation, and DOES 1 to 20, inclusive)*

49. Plaintiff refers to and incorporates by reference paragraphs 1 through 48 above, inclusive, as though set forth in full herein, and alleges this Seventh Cause of Action for Violation

440 North Barranca Avenue, Suite 8933, Covina, CA 91723

of Cal. Labor Code § 210, as against Defendant and DOES 1 to 20 as aiders, abettors and conspirators, inclusive, and each of them, as follows:

50. California Labor Code § 210 subjects employers to a penalty for failing to pay their employees on the scheduled payday. Here, Defendant failed to pay Plaintiff for her rest breaks and failed to pay Plaintiff her overtime rate for working during meal and rest breaks. Defendant also refused to pay Plaintiff for overtime hours that she worked as a result of Ms. Lovendahl assigning her an unreasonable amount of work in retaliation for making a complaint about her.

## EIGHTH CAUSE OF ACTION

## Violation of Cal. Labor Code § 203

*(As to Defendants, Centene Corporation, and DOES 1 to 20, inclusive)*

51. Plaintiff refers to and incorporates by reference paragraphs 1 through 50 above, inclusive, as though set forth in full herein, and alleges this Eighth Cause of Action for Violation of Cal. Labor Code § 203, as against Defendant and DOES 1 to 20 as aiders, abettors and conspirators, inclusive, and each of them, as follows:

52. California Labor Code § 203 empowers a court to award 'an employee who is discharged or who quits' a penalty to up to 30 days' worth of the employee's wages '[i]f an employer willfully fails to pay' the employee his full wages immediately (if discharged) or within 72 hours (if he or she quits).

53. Plaintiff has not received her full wages owed to her by Defendant. Defendant has failed to pay Plaintiff for her missed rest breaks and for the overtime that Plaintiff worked as a result of working during rest and meal breaks. Defendant also has failed to pay Plaintiff for all of the overtime hours that she worked as a result of Ms. Lovendahl assigning her an unreasonable amount of work in retaliation for making a formal complaint about her.

## PRAYER FOR RELIEF

Plaintiff hereby prays for judgment against Defendants, Centene Corporation, and DOES 1 to 20 inclusive, and each of them, as follows:

1. General, compensatory, and special damages in amounts to be proven at trial;



440 North Barranca Avenue, Suite 8933, Covina, CA 91723

2. For prejudgment interest as permitted by Section 3291 of the California Civil Code and any other applicable statutes;
3. Punitive Damages; and,
4. For attorney's fees, the costs of suit herein incurred; and,
5. For such other and further relief as this Court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this matter.

Dated: April 25, 2023

**ADEPT LEGAL COUNSEL, P.C.**

By: /s/ Brady Anderson, Esq.

Brian M. Heit, Esq.
Brady Anderson, Esq.
*Attorneys for Plaintiff*
Avida Lazo

440 North Barranca Avenue, Suite 8933, Covina, CA 91723

# EXHIBIT A

440 North Barranca Avenue, Suite 8933, Covina, CA 91723

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

Civil Rights Department KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

April 24, 2023

Brady Anderson
440 North Barranca Avenue, Suite 8933
Covina, CA 91723

RE: **Notice to Complainant's Attorney**
CRD Matter Number: 202304-20453624
Right to Sue: Lazo / Centene Corporation, a Delaware Corporation and DOES 1-20

Dear Brady Anderson:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

Civil Rights Department KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

April 24, 2023

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202304-20453624
Right to Sue: Lazo / Centene Corporation, a Delaware Corporation and DOES 1-20

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

Civil Rights Department KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

April 24, 2023

Avida Lazo
7800 Topanga Canyon Blvd
Canoga Park, CA 91304

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202304-20453624
Right to Sue: Lazo / Centene Corporation, a Delaware Corporation and DOES 1-20

Dear Avida Lazo:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective April 24, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Avida Lazo

CRD No. 202304-20453624

Complainant,

vs.

Centene Corporation, a Delaware Corporation and
DOES 1-20
7700 FORSYTH BLVD
SAINT LOUIS, MO 63105

Respondents

---

**1.** Respondent **Centene Corporation, a Delaware Corporation and DOES 1-20** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Avida Lazo**, resides in the City of **Canoga Park,** State of **CA.**

**3**. Complainant alleges that on or about **October 21, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's ancestry, national origin (includes language restrictions), color, sex/gender, age (40 and over), race (includes hairstyle and hair texture).

**Complainant was discriminated against** because of complainant's national origin (includes language restrictions), color, sex/gender, age (40 and over), race (includes hairstyle and hair texture) and as a result of the discrimination was denied hire or promotion, demoted, asked impermissible non-job-related questions, other.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was denied hire or promotion, demoted, asked impermissible non-job-related questions, other, denied or forced to transfer.

**Additional Complaint Details:** V. GENERAL ALLEGATIONS

19. Plaintiff, Avida Lazo, worked for Employer for sixteen years and was employed as a senior care manager when she was forced to resign. As a senior care manager, Plaintiff was responsible for her own case load of Provider Appeals as well as managing 11-12 nurses. Corrinne Lovendahl ("Ms. Lovendahl"), as Plaintiff's supervisor, would assign Plaintiff with complex cases, administrative tasks and provide feedback to Plaintiff when necessary.

20. Plaintiff went out on medical leave in 2019 until April of 2020. When she returned from medical leave, Ms. Lovendahl was her new supervisor. From April 2020 through June of 2021, Plaintiff worked cohesively with Ms. Lovendahl and did not have any issues at Employer. However, starting in 2021, Ms. Lovendahl began acting much friendlier with Plaintiff. Ms. Lovendahl would talk to Plaintiff about extremely intimate details of her life, including Ms. Lovendahl's son's suicide.

21. Plaintiff began feeling more uncomfortable as Ms. Lovendahl continued to share intimate details of her life with Plaintiff on a daily basis. Eventually, this communication began interfering with Plaintiff's work. At this point, Plaintiff told Ms. Lovendahl that she felt it would be best if they kept their relationship strictly professional. Ms. Lovendahl did not respect Plaintiff's desire to keep their relationship professional, and instead began a campaign of retaliation against Plaintiff.

22. Ms. Lovendahl began making unwarranted criticisms about Plaintiff's work behind her back after Ms. Lovendahl had already approved of Plaintiff's work. Ms. Lovendahl began constantly changing Plaintiff's job duties, so Plaintiff never knew exactly what was expected of her. Ms. Lovendahl would do this, so she could assign work to Plaintiff that Ms. Lovendahl was responsible for. Ms. Lovendahl would attend upper management meetings and then purposely fail to tell Plaintiff of any changes that were made at the meeting, so it would look like Plaintiff messed something up. Ms. Lovendahl also spoke in a condescending manner to Plaintiff whenever she spoke to her after Plaintiff asked her to keep their relationship professional.

23. At this point, Plaintiff sent an email to Allison Norrup ("Ms. Norrup") in Human Resources about the treatment she was facing from Ms. Lovendahl. Ms. Norrup essentially dismissed Plaintiff's complaint and failed to take any remedial action. Plaintiff also consulted her Manager, Loree Fink ("Ms. Fink") about the situation. Plaintiff was instructed to work it out with Ms. Lovendahl. Plaintiff realized that Employer was not going to take any action to remedy Ms. Lovendahl's behavior, so she tried to make it work with Ms. Lovendahl.

24. Unfortunately, Plaintiff's situation only got worse after she complained to Ms. Norrup in Human Resources and her Manager, Ms. Fink. Ms. Lovendahl began assigning Plaintiff with an unreasonable amount of work which caused Plaintiff to work overtime several days of the week. Ms. Lovendahl would then tell Plaintiff that she was not going to be paid for the overtime she worked because Ms. Lovendahl had not approved the overtime. Not only was Plaintiff denied pay for the overtime hours she worked but she was also never provided a rest break and rarely received a 30-minute meal period. Plaintiff endured this treatment from Ms. Lovendahl until she was left with no alternative but to resign. Plaintiff still has not received pay for her missed rest breaks and overtime hours worked, despite the fact that she resigned over thirty days ago.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

25. Plaintiff by and through counsel sent a demand to Defendant regarding the issues alleged above. Defendant failed to address Plaintiff's demand letter.

26. On, or about, , Plaintiff filed a charge with the State of California, Department of Fair Employment and Housing (hereinafter referred to as "DFEH") and obtained a Right to Sue Letter regarding Claim No. for the following:

☐ Complainant was harassed because of complainant's race, ancestry, national origin (includes language restrictions), color, sex/gender, age (40 and over).

☐ Complainant was discriminated against because of complainant's race, national origin (includes language restrictions), color, sex/gender, age (40 and over) and as a result of the discrimination was denied hire or promotion, demoted, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation.

☐ Complainant experienced retaliation because complainant reported or resisted any form of discrimination or harassment and as a result was denied hire or promotion, denied or forced transfer, demoted, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, failed to give equal considerations in making employment decisions, partial recommendation for subsequent employment in retaliation for filing discrimination or harassment complaints.

(Attached hereto as Exhibit A, is a true and correct copy of the April 26, 2019 Right to Sue Letter issued in the Claim No. by the State of California, Department of Fair Employment and Housing, and incorporated herein by this reference.)

CAUSES OF ACTION

FIRST CAUSE OF ACTION

Retaliation

(As to Defendants, Centene Corporation, and DOES 1 to 20, inclusive)

27. Plaintiff refers to and incorporates by reference paragraphs 1 through 26 above, inclusive, as though set forth in full herein, and alleges this First Cause of Action for Retaliation, as against Defendant and DOES 1 to 20 as aiders, abettors and conspirators, inclusive, and each of them, as follows:

28. Here, Plaintiff engaged in a protected activity when she made formal complaints to Ms. Lovendahl, Ms. Fink, and Ms. Norrup about Ms. Lovendahl's unprofessional and harassing behavior.

29. Plaintiff was subjected to an adverse employment action when she was told by Ms. Fink and Ms. Norrup to "work it out" with Ms. Lovendahl instead of taking any corrective action to remedy Ms. Lovendahl's behavior.

30. There is a casual connection between the protected activity and the adverse employment action because Plaintiff made several formal complaints to her managers and Human Resources and Plaintiff was affirmatively told that Defendant was not going to take any action to remedy Ms. Lovendahl's behavior. As a result, Ms. Lovendahl continued to retaliate against Plaintiff for making a formal complaint about her.

SECOND CAUSE OF ACTION

Hostile Work Environment

(As to Defendants, Centene Corporation, and DOES 1 to 20, inclusive)

31. Plaintiff refers to and incorporates by reference paragraphs 1 through 30 above, inclusive, as though set forth in full herein, and alleges this Second Cause of Action for

Hostile Work Environment, as against Defendant and DOES 1 to 20 as aiders, abettors and conspirators, inclusive, and each of them, as follows:

32. Plaintiff is a member of a protected class because she made a formal complaint about her manager, Ms. Lovendahl to Ms. Lovendahl, Ms. Fink, and Ms. Norrup.

33. Plaintiff was subjected to unwelcome harassment when she made a formal complaint about Ms. Lovendahl to her managers and Human Resources.

34. This harassment was based on Plaintiff's protected as someone who made a formal complaint because Ms. Lovendahl began retaliating against and harassing Plaintiff because Plaintiff made a formal complaint about her.

35. This harassment unreasonably interfered with Plaintiff's ability to perform her job and created an intimidating and hostile environment.

36. Defendant is liable for the harassment that Plaintiff endured because she informed her manager, Ms. Fink and Ms. Norrup in Human Resources about the harassment she was facing from Ms. Lovendahl, and Defendant failed to take remedial action.

THIRD CAUSE OF ACTION
Constructive Discharge
(As to Defendants, Centene Corporation, and DOES 1 to 20, inclusive)

37. Plaintiff refers to and incorporates by reference paragraphs 1 through 36 above, inclusive, as though set forth in full herein, and alleges this Third Cause of Action for Constructive Discharge, as against Defendant and DOES 1 to 20 as aiders, abettors and conspirators, inclusive, and each of them, as follows:

38. As a result of Defendant's failure to remedy Ms. Lovendahl's harassment and retaliation of Plaintiff, Plaintiff was constructively discharged from her position with Defendant. By failing to take any remedial action, Defendant and Ms. Lovendahl created working conditions that were so intolerable that Plaintiff was left with no alternative but to resign.

39. As stated above, Plaintiff made several formal written and verbal complaints about the treatment she was enduring from Ms. Lovendahl. All of Plaintiff's complaints were ignored or dismissed. Plaintiff complained to Ms. Lovendahl, Ms. Fink, and Ms. Norrup, all of whom are in managerial positions with Defendant, about the treatment she was facing from Ms. Lovendahl, yet no remedial action was taken. This left Plaintiff with no alternative but to resign.

FOURTH CAUSE OF ACTION
Violation of Cal. Labor Code § 512
(As to Defendants, Centene Corporation, and DOES 1 to 20, inclusive)

40. Plaintiff refers to and incorporates by reference paragraphs 1 through 39 above, inclusive, as though set forth in full herein, and alleges this Fourth Cause of Action for Violation of Cal. Labor Code § 512, as against Defendant and DOES 1 to 20 as aiders, abettors and conspirators, inclusive, and each of them, as follows:

41. During the course of her employment, Plaintiff was a full-time non-exempt hourly employee for Defendant. Plaintiff typically worked a schedule of eight hours a day for five days. Pursuant to Cal. Labor Code § 512, employees are entitled to a thirty-minute meal break after every five hours of work. Therefore, Plaintiff was entitled to one meal break of at least thirty minutes each day that she worked at Defendant.

42. Here, Defendant failed to provide Plaintiff with meal breaks and therefore, violated Cal. Labor Code § 512. Defendant also forced employees to enter a meal break into the

Dayforce app in order to clock out for the day. Even if the employee did not receive a meal break for that day, Defendant still made each employee designate that they took a meal break.

FIFTH CAUSE OF ACTION

Violation of Industrial Welfare Commission Wage Order 9

(As to Defendants, Centene Corporation, and DOES 1 to 20, inclusive)

43. Plaintiff refers to and incorporates by reference paragraphs 1 through 42 above, inclusive, as though set forth in full herein, and alleges this Fifth Cause of Action for Violation of Industrial Welfare Commission Wage Order 9, as against Defendant and DOES 1 to 20 as aiders, abettors and conspirators, inclusive, and each of them, as follows:

44. During the course of her employment, Plaintiff was a full-time non-exempt hourly employee for Defendant. Plaintiff typically worked a schedule of eight hours a day for five days a week. Pursuant to the Industrial Welfare Commission Wage Order 9, employees are entitled to a ten-minute rest break after every four hours of work. Therefore, Plaintiff was entitled to two rest breaks of at least ten minutes each day that she worked at Defendant.

45. Here, Defendant failed to provide Plaintiff with rest breaks at any time. As a result, Defendant violated Industrial Welfare Commission Wage Order 9 and Plaintiffs were harmed.

SIXTH CAUSE OF ACTION

Violation of Cal. Labor Code § 226(a)

(As to Defendants, Centene Corporation, and DOES 1 to 20, inclusive)

46. Plaintiff refers to and incorporates by reference paragraphs 1 through 45 above, inclusive, as though set forth in full herein, and alleges this Sixth Cause of Action for Violation of Cal. Labor Code § 226(a), as against Defendant and DOES 1 to 20 as aiders, abettors and conspirators, inclusive, and each of them, as follows:

47. California Labor Code § 226(a) requires that employers provide their employees with accurate wage statements which includes providing the employee's gross and net earned wages on their wage statements.

48. Here, Defendant did not include the accurate amount Plaintiff's gross or net earned wages because they failed to pay the Plaintiff for her rest breaks and also failed to pay Plaintiff her overtime rate for working during their rest and meal breaks. Therefore, Defendant did not provide accurate wage statements and are in violation of section 226(a).

SEVENTH CAUSE OF ACTION

Violation of Cal. Labor Code § 210

(As to Defendants, Centene Corporation, and DOES 1 to 20, inclusive)

49. Plaintiff refers to and incorporates by reference paragraphs 1 through 48 above, inclusive, as though set forth in full herein, and alleges this Seventh Cause of Action for Violation of Cal. Labor Code § 210, as against Defendant and DOES 1 to 20 as aiders, abettors and conspirators, inclusive, and each of them, as follows:

50. California Labor Code § 210 subjects employers to a penalty for failing to pay their employees on the scheduled payday. Here, Defendant failed to pay Plaintiff for her rest breaks and failed to pay Plaintiff her overtime rate for working during meal and rest breaks. Defendant also refused to pay Plaintiff for overtime hours that she worked as a result of Ms. Lovendahl assigning her an unreasonable amount of work in retaliation for making a complaint about her.

EIGHTH CAUSE OF ACTION

Violation of Cal. Labor Code § 203
(As to Defendants, Centene Corporation, and DOES 1 to 20, inclusive)

51. Plaintiff refers to and incorporates by reference paragraphs 1 through 50 above, inclusive, as though set forth in full herein, and alleges this Eighth Cause of Action for Violation of Cal. Labor Code § 203, as against Defendant and DOES 1 to 20 as aiders, abettors and conspirators, inclusive, and each of them, as follows:

52. California Labor Code § 203 empowers a court to award 'an employee who is discharged or who quits' a penalty to up to 30 days' worth of the employee's wages '[i]f an employer willfully fails to pay' the employee his full wages immediately (if discharged) or within 72 hours (if he or she quits).

53. Plaintiff has not received her full wages owed to her by Defendant. Defendant has failed to pay Plaintiff for her missed rest breaks and for the overtime that Plaintiff worked as a result of working during rest and meal breaks. Defendant also has failed to pay Plaintiff for all of the overtime hours that she worked as a result of Ms. Lovendahl assigning her an unreasonable amount of work in retaliation for making a formal complaint about her.

VERIFICATION

I, **Brady Anderson**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On April 24, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Covina, CA**

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Brady Anderson 347321
Adept Legal Counsel, P.C.
440 North Barranca Avenue, Suite 8933 Covina, CA 91789
TELEPHONE NO.: (310) 744-5227 FAX NO. (Optional): (850) 254-1950
E-MAIL ADDRESS: brady@adeptcounsel.co
ATTORNEY FOR (Name): Avida Lazo

FOR COURT USE ONLY

**Electronically FILED by Superior Court of California, County of Los Angeles 4/25/2023 10:31 AM David W. Slayton, Executive Officer/Clerk of Court, By E. Galicia, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Avida Lazo v. Centene Corporation, a Delaware Corporation and DOES 1-20

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 23STCV09160<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (*specify*): Eight (8)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: 04/24/2023

Brady Anderson ▶ *Brady Anderson, Esq.*

(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/
    - Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



Doc ID: 80a9453018a82bec31d3ea30b6a5bbd5c5fa115

| SHORT TITLE | CASE NUMBER |
|---|---|
| Avida Lazo v. Centene Corporation, a Delaware Corporation and DOES 1-20 | 23STCV09160 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Avida Lazo v. Centene Corporation, a Delaware Corporation and DOES 1-20 | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Avida Lazo v. Centene Corporation, a Delaware Corporation and DOES 1-20 | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Contract (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels ________ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| Judicial Review | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Avida Lazo v. Centene Corporation, a Delaware Corporation and DOES 1-20 | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |



Doc ID: 8a03fa5224477320f6ab34e32e0da1b04661a4a5

| SHORT TITLE<br>Avida Lazo v. Centene Corporation, a Delaware Corporation and DOES 1-20 | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS: 111 North Hill Street |
|---|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Stanley Mosk Courthouse District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 04/24/2023

Brady Anderson, Esq.

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

Stacey F. Blank, Bar No. 174378
sblank@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583

Dana H. Hassan, Bar No. 321071
dhassan@littler.com
LITTLER MENDELSON, P.C.
50 W San Fernando St., 7th Floor
San Jose, California 95113
Telephone: (408) 998-4150
Fax No.: (408) 288-5686

Attorneys for Defendant
CENTENE CORPORATION

**Electronically FILED by Superior Court of California, County of Los Angeles 5/25/2023 11:54 AM David W. Slayton, Executive Officer/Clerk of Court, By A. Lopez, Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| Avida Lazo, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Centene Corporation, a Delaware Corporation and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 23STCV09160<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>ASSIGNED FOR ALL PURPOSES TO HON. STEPHANIE M. BOWICK<br><br>Trial Date: TBD<br>Complaint Filed: April 25, 2023 |

Centene Corporation ("Defendant") hereby answers the Complaint of Avida Lazo ("Plaintiff") as follows:

## GENERAL DENIAL

Defendant generally denies each and every allegation in Plaintiff's Complaint and further denies that Plaintiff has been injured in the amount or manner alleged, or in any amount or manner, whatsoever.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses. In so doing, Defendant does not concede it has the burden of production or proof as to any defense asserted below. Further, Defendant does not presently know all factors concerning Plaintiff's conduct sufficient to state all defenses at this time. Accordingly, Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional defenses. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

## FIRST DEFENSE

### (Failure to State a Cause of Action)

As a separate and distinct defense, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE

### (Waiver)

As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of waiver.

## THIRD DEFENSE

### (Estoppel)

As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of estoppel.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**FOURTH DEFENSE**

**(Laches)**

As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of laches.

**FIFTH DEFENSE**

**(Unclean Hands)**

As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of unclean hands to the extent that, among other things, Plaintiff's own workplace behavior contributed to the alleged conduct of which she now complains.

**SIXTH DEFENSE**

**(Failure to Mitigate Damages)**

As a separate and distinct defense, Defendant alleges that based on information and belief, Plaintiff has failed, refused and/or neglected to mitigate or avoid the damages complained of in the Complaint by and that Plaintiff is barred from recovering monies for injuries that Plaintiff could have avoided through reasonable efforts.

**SEVENTH DEFENSE**

**(Offset)**

As a separate and distinct defense, Defendant alleges that if any damages or injuries were in fact suffered by Plaintiff, such damages or injuries must be reduced or demised by amounts received or receivable by Plaintiff in the exercise of reasonable diligence as income or in lieu of earned income through, for example, comparable employment or otherwise.

**EIGHTH DEFENSE**

**(Same Decision)**

As a separate and distinct defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because, if any unlawful motive

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

existed in connection with any employment decision involving Plaintiff, which Defendant denies, any and all claims for damages are nevertheless barred because such employment decision would have been the same even without any such unlawful motive.

**NINTH DEFENSE**

**(Statute of Limitations)**

As a separate and distinct defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred to the extent that Plaintiff seeks to recover for events taking place more than the time allowed by the applicable statutes of limitations, including, but not limited to, those set forth in California Code of Civil Procedure sections 335.1, 337, 338(a), 339, 340(a), and 343, and California Government Code sections 12960(d) and 12965(b), and any other applicable statute of limitation.

**TENTH DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

As a separate and distinct defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

**ELEVENTH DEFENSE**

**(Exceeds Scope)**

As a separate and distinct defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, to the extent that they exceed the scope of the charges made before the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

**TWELFTH DEFENSE**

**(Damages Caused by Other Factors)**

As a separate and distinct defense, Defendant alleges that the Complaint, and each of the causes alleged therein, is barred, in whole or in part, or any recovery should be reduced, because if Plaintiff suffered any injury related to Plaintiff's employment (and Defendant denies that Plaintiff suffered any

injury), such injury was caused by the practices or instrumentalities of parties and/or unauthorized individuals who were not within the scope and exclusive control of Defendant nor acting within the course and scope of their employment with Defendant.

**THIRTEENTH DEFENSE**

**(Punitive Damages Unconstitutional)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to defendants in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendant's rights to due process and/or equal protection under the law and under the United States and California Constitutions; and/or (4) the California punitive damages laws are unconstitutional in that they impose an undue burden on interstate commerce.

**FOURTEENTH DEFENSE**

**(Preemption by Worker's Compensation Act)**

As a separate and distinct defense, Defendant alleges Plaintiff's claims for emotional distress and/or physical injury damages alleged in the Complaint, which Defendant denies, are barred to the extent they are or were cognizable under the California Worker's Compensation Act [Cal. Lab. Code § 3200 et seq.] in that Plaintiff's purported injuries, if any, arose in the course of Plaintiff's employment and were subject to said statutory coverage, and the conduct alleged in the Complaint arose out of that employment relationship. Accordingly, the Court lacks subject matter jurisdiction over said claims.

**FIFTEENTH DEFENSE**

**(Plaintiff's Breach of Duties)**

As a separate and distinct defense, Defendant alleges that the Complaint and each purported cause of action therein, are barred, in whole or in part, because Plaintiff violated, at a minimum, her

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

obligations as an employee under California Labor Code sections 2854 and/or 2856- 2859, including but not limited to failing to lodge a complaint about the alleged discrimination and retaliation with Defendant.

**SIXTEENTH DEFENSE**

**(Outside Course and Scope)**

As a separate and distinct defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against it because, to the extent any employee engaged in unlawful conduct related to Plaintiff's employment, such conduct was committed outside the course and scope of such employee's employment, was not authorized, adopted or ratified by Defendant, and Defendant did not know, nor should it have known of such conduct.

**SEVENTEENTH DEFENSE**

**(Doctrine of Avoidable Consequences)**

As a separate and distinct defense, Defendant alleges that some or all of the causes of action in the Complaint are barred, in whole or in part, by the doctrine of avoidable consequences because Defendant: (a) maintained an anti-discrimination policy, anti-harassment policy, anti-retaliation and/or open door policies; and (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**EIGHTEENTH DEFENSE**

**(Exercise of Reasonable Care to Prevent/Correct)**

As a separate and distinct defense, without admitting that Defendant engaged in any of the acts or omissions attributed to it in the Complaint, Defendant alleges that Plaintiff's Complaint and each purported cause of action therein cannot be maintained against Defendant because Defendant exercised reasonable care to prevent and correct promptly any discriminatory, or otherwise unlawful behavior, if any, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to "otherwise avoid harm."

**NINTEENTH DEFENSE**

**(No Private Right of Action)**

As a separate and distinct defense, Defendant alleges that Plaintiff's cause of action for failure

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

to prevent discrimination related to Plaintiff's employment is barred because there is no private right of action for this claim under California Government Code section 12940(k).

**TWENTIETH DEFENSE**

**(Managerial Privilege)**

As a separate and distinct defense, Defendant alleges that any conduct, including Defendant's managers' handling of the termination of Plaintiff's employment, while acting in the course and scope of employment was protected by the managerial privilege and that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith, for proper and lawful reasons and/or justified by legitimate and substantial business reasons.

**TWENTY-FIRST DEFENSE**

**(Legitimate Business Reasons/Good Cause)**

As a separate and distinct defense, Defendant alleges that the conduct towards Plaintiff by Defendant and/or Defendant's representatives, was undertaken reasonably, in good faith, and with good cause by reason of business necessity and/or for lawful reasons.

**TWENTY-SECOND DEFENSE**

**(At-Will Employee)**

As a separate and distinct defense, Defendant alleges that the Complaint and each purported cause of action therein are barred, in whole or in part, because Plaintiff was an at-will employee for Defendant with no entitlement to continued employment pursuant to Section 2922 of the California Labor Code.

**TWENTY-THIRD DEFENSE**

**(After-Acquired Evidence)**

As a separate and distinct defense, Defendant alleges, on the belief that further investigation and discovery will disclose facts supporting such an allegation, that after-acquired evidence bars and/or limits the amount of damages Plaintiff can recover on her claims, if any.

**TWENTY-FOURTH DEFENSE**

**(Satisfaction of Duties Owed)**

As a separate and distinct defense, Defendant alleges that it fully performed, satisfied, or

discharged any obligations and/or duties it owed to Plaintiff.

**TWENTY-FIFTH DEFENSE**

**(Failure to Exhaust Internal Remedies)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, or the liability for them reduced, to the extent Plaintiff failed to exhaust appropriate internal remedies.

**TWENTY-SIXTH DEFENSE**

**(Failure to Engage/Cooperate in Interactive Process)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred because Plaintiff failed to engage in the interactive process reasonably and in good faith.

**TWENTY-SEVENTH DEFENSE**

**(Undue Hardship)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred to the extent that any accommodation sought by Plaintiff's would have imposed an undue hardship on Defendant.

**TWENTY-EIGHTH DEFENSE**

**(Labor Code Section 226 – No Injury)**

As a separate and distinct defense to the Complaint, as to Plaintiff's claims for violation of California Labor Code Section 226, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint, is barred because Plaintiff has not suffered any injury from any alleged failure by Plaintiff's employer to comply with California Labor Code Section 226.

**TWENTY-NINTH DEFENSE**

**(Labor Code Section 226 – Not A "Knowing And Intentional Failure")**

As a separate and distinct affirmative defense to the Complaint, Defendant alleges that, even assuming *arguendo*, that Plaintiff was not provided with proper itemized statements of wages and deductions, Plaintiff is not entitled to recover damages because Plaintiff's employer's alleged failure

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

to comply with California Labor Code Section 226 was not a "knowing and intentional failure" under California Labor Code Section 226(a).

**THIRTIETH DEFENSE**

**(Failure to Take Meal Breaks Provided Under the Law)**

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges that the Complaint, and the allegations contained therein regarding meal breaks, are barred because to the extent, if any, that Plaintiff did not take any meal break, the failure was because Plaintiff: (1) failed to take breaks that were provided to Plaintiff in compliance with California law; (2) chose not to take meal breaks that were authorized and permitted; or (3) waived the right to meal breaks under California Labor Code section 512(a).

**THIRTY-FIRST DEFENSE**

**(Independent Judgment)**

As a separate and distinct affirmative defense, Defendant alleges that any purported failure of Plaintiff to record all hours of *work* or to take meal and/or rest breaks was the result of Plaintiff's exercise of discretion, independent judgment, and self-determination.

**THIRTY-SECOND DEFENSE**

**(Failure to Take Rest Breaks Provided Under the Law)**

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges that the Complaint, and the allegations contained therein regarding rest breaks, are barred because to the extent, if any, that Plaintiff did not take any rest break, the failure was because Plaintiff: (1) failed to take breaks that were provided to Plaintiff in compliance with California law; or (2) chose not to take rest breaks that were authorized and permitted.

**THIRTY-THIRD DEFENSE**

**(Punitive Damages Barred)**

As a separate and distinct affirmative defense, Defendant alleges that Defendant's good faith efforts to prevent discrimination, retaliation, and any other unlawful acts bars any award for punitive

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

damages or exemplary damages as set forth in *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999).

**THIRTY-FOURTH DEFENSE**

**(No Acts Committed Justifying Punitive Damages)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover any punitive damages because Defendant committed no acts justifying an award of punitive damages.

**THIRTY-FIFTH DEFENSE**

**(No Knowledge Justifying Punitive Damages)**

As a separate and distinct affirmative defense, Defendant alleges that without admitting to any of the acts, conduct or statements attributed to it by Plaintiff's Complaint, Plaintiff's claims for punitive damages are barred because the acts, conduct or statements contained in Plaintiff's Complaint were not taken with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Defendant.

**THIRTY-SIXTH DEFENSE**

**(Prejudgment Interest Cannot Be Granted)**

As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, because the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**THIRTY-SEVENTH DEFENSE**

**(Failure To State Facts Sufficient For Attorneys' Fees)**

As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Plaintiff has failed to state facts sufficient to entitle her to costs of suit incurred herein and/or an award of attorneys' fees.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**THIRTY-EIGHTH DEFENSE**

**(Bad Faith and/or Frivolous Claims)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and/or her attorneys pursuant to California law including, but not limited to California Labor Code section 218.5, California Code of Civil Procedure § 128.5 and/or Government Code § 12965(b).

**THIRTY-NINTH DEFENSE**

**(Wage Orders – Violation of Due Process)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint and/or causes of action therein are barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

**FORTIETH DEFENSE**

**(Purported Violations Are *De Minimis*)**

As a separate and distinct defense to the Complaint, to the extent Plaintiff seek to recover for alleged violations concerning overtime, Plaintiff cannot maintain such claims because even assuming *arguendo* that Plaintiff is entitled to additional compensation, such alleged violations, if any, are *de minimis*, and therefore not entitled to additional compensation.

**FORTY-FIRST DEFENSE**

**(Conduct Not Knowing, Intentional, or Willful)**

As a separate and distinct affirmative defense, Defendant alleges that, even if Plaintiff is entitled to any additional compensation, which Defendant denies, there was not a willful or intentional failure to pay any such additional compensation to justify an award of damages or penalties or fees.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**FORTY-SECOND DEFENSE**

**(Speculative Damages)**

As a separate and distinct affirmative defense, Plaintiff's claims for damages are precluded to the extent that such damages are speculative.

**FORTY-THIRD DEFENSE**

**(Workers' Compensation Exclusivity and Preemption)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the exclusive remedy provisions of the Workers' Compensation Act, California Labor Code section 3200, *et seq.*

**FORTY-FOURTH DEFENSE**

**(Outside Course and Scope of Employment)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action set forth therein, cannot be maintained because, to the extent that any employees of Defendant took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendant and/or Defendant did not know of nor should it have known of such conduct.

**FORTY-FIFTH DEFENSE**

**(Secreted or Absented)**

As a separate and distinct affirmative defense, Plaintiff's claims for alleged failure to pay wages are barred to the extent that Plaintiff's employer did not reasonably know hours were worked by Plaintiff and/or to the extent Plaintiff deliberately prevented Plaintiff's employer from acquiring knowledge of the hours worked and/or to the extent Plaintiff secreted or absented herself to avoid payment of wages.

**FORTY-SIXTH DEFENSE**

**(No Knowledge of Work)**

As a separate and distinct defense, Defendant alleges that if Plaintiff "worked" hours for which compensation was not paid, Plaintiff's employer had no knowledge, or reason to know, of such "work," such "work" was not suffered or permitted, and such "work" was undertaken without

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

the consent or permission of Plaintiff's employer.

## ADDITIONAL DEFENSES

Defendant does not presently know of all of the facts regarding the conduct of Plaintiff and the claims alleged in the Complaint sufficient to state all affirmative defenses that may exist at this time. Accordingly, Defendant expressly reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by this action against Defendant and that Plaintiff's Complaint be dismissed in its entirety with prejudice;

2. Plaintiff takes nothing by this action;

3. That Judgement be entered in Defendant's favor;

4. That Defendant be awarded its attorneys' and expert fees and costs of suit herein (to the extent permitted by applicable law; and

5. Such other and further relief as the Court deems just and proper.

Dated: May 25, 2023

LITTLER MENDELSON, P.C.

Stacey F. Blank
Dana H. Hassan

Attorneys for Defendant
CENTENE CORPORATION

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, CA 90067.

On May 25, 2023, I served the within document(s):

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Los Angeles, California**.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A confirmation document by the professional messenger service will be retained in our office.)*

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Brian M. Heit
Brady Anderson
ADEPT LEGAL COUNSEL, P.C.
440 North Barranca Avenue, Suite 8933
Covina, CA 91723
Telephone (310) 744-5227
Facsimile (850) 254-1950
Email Brian@adeptcounsel.co
Brady@adeptcounsel.co

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on May 25, 2023 at Los Angeles, California.

Maria Lozano

4881-0325-3350.2 / 082220-1245

Stacey F. Blank, Bar No. 174378
sblank@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583

Dana H. Hassan, Bar No. 321071
dhassan@littler.com
LITTLER MENDELSON, P.C.
50 W San Fernando St., 7th Floor
San Jose, California 95113
Telephone: (408) 998-4150
Fax No.: (408) 288-5686

Attorneys for Defendant
CENTENE CORPORATION

**Electronically FILED by Superior Court of California, County of Los Angeles 5/25/2023 11:54 AM David W. Slayton, Executive Officer/Clerk of Court, By A. Lopez, Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

Avida Lazo, an individual,

Plaintiff,

v.

Centene Corporation, a Delaware Corporation and DOES 1-20, inclusive,

Defendants.

Case No. 23STCV09160

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

ASSIGNED FOR ALL PURPOSES TO HON. STEPHANIE M. BOWICK

Trial Date: TBD
Complaint Filed: April 25, 2023

Centene Corporation ("Defendant") hereby answers the Complaint of Avida Lazo ("Plaintiff") as follows:

**GENERAL DENIAL**

Defendant generally denies each and every allegation in Plaintiff's Complaint and further denies that Plaintiff has been injured in the amount or manner alleged, or in any amount or manner, whatsoever.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses. In so doing, Defendant does not concede it has the burden of production or proof as to any defense asserted below. Further, Defendant does not presently know all factors concerning Plaintiff's conduct sufficient to state all defenses at this time. Accordingly, Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional defenses. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

**FIRST DEFENSE**

**(Failure to State a Cause of Action)**

As a separate and distinct defense, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND DEFENSE**

**(Waiver)**

As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of waiver.

**THIRD DEFENSE**

**(Estoppel)**

As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of estoppel.

**FOURTH DEFENSE**

**(Laches)**

As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of laches.

**FIFTH DEFENSE**

**(Unclean Hands)**

As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of unclean hands to the extent that, among other things, Plaintiff's own workplace behavior contributed to the alleged conduct of which she now complains.

**SIXTH DEFENSE**

**(Failure to Mitigate Damages)**

As a separate and distinct defense, Defendant alleges that based on information and belief, Plaintiff has failed, refused and/or neglected to mitigate or avoid the damages complained of in the Complaint by and that Plaintiff is barred from recovering monies for injuries that Plaintiff could have avoided through reasonable efforts.

**SEVENTH DEFENSE**

**(Offset)**

As a separate and distinct defense, Defendant alleges that if any damages or injuries were in fact suffered by Plaintiff, such damages or injuries must be reduced or demised by amounts received or receivable by Plaintiff in the exercise of reasonable diligence as income or in lieu of earned income through, for example, comparable employment or otherwise.

**EIGHTH DEFENSE**

**(Same Decision)**

As a separate and distinct defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because, if any unlawful motive

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

existed in connection with any employment decision involving Plaintiff, which Defendant denies, any and all claims for damages are nevertheless barred because such employment decision would have been the same even without any such unlawful motive.

**NINTH DEFENSE**

**(Statute of Limitations)**

As a separate and distinct defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred to the extent that Plaintiff seeks to recover for events taking place more than the time allowed by the applicable statutes of limitations, including, but not limited to, those set forth in California Code of Civil Procedure sections 335.1, 337, 338(a), 339, 340(a), and 343, and California Government Code sections 12960(d) and 12965(b), and any other applicable statute of limitation.

**TENTH DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

As a separate and distinct defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

**ELEVENTH DEFENSE**

**(Exceeds Scope)**

As a separate and distinct defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, to the extent that they exceed the scope of the charges made before the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

**TWELFTH DEFENSE**

**(Damages Caused by Other Factors)**

As a separate and distinct defense, Defendant alleges that the Complaint, and each of the causes alleged therein, is barred, in whole or in part, or any recovery should be reduced, because if Plaintiff suffered any injury related to Plaintiff's employment (and Defendant denies that Plaintiff suffered any

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

injury), such injury was caused by the practices or instrumentalities of parties and/or unauthorized individuals who were not within the scope and exclusive control of Defendant nor acting within the course and scope of their employment with Defendant.

**THIRTEENTH DEFENSE**

**(Punitive Damages Unconstitutional)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to defendants in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendant's rights to due process and/or equal protection under the law and under the United States and California Constitutions; and/or (4) the California punitive damages laws are unconstitutional in that they impose an undue burden on interstate commerce.

**FOURTEENTH DEFENSE**

**(Preemption by Worker's Compensation Act)**

As a separate and distinct defense, Defendant alleges Plaintiff's claims for emotional distress and/or physical injury damages alleged in the Complaint, which Defendant denies, are barred to the extent they are or were cognizable under the California Worker's Compensation Act [Cal. Lab. Code § 3200 et seq.] in that Plaintiff's purported injuries, if any, arose in the course of Plaintiff's employment and were subject to said statutory coverage, and the conduct alleged in the Complaint arose out of that employment relationship. Accordingly, the Court lacks subject matter jurisdiction over said claims.

**FIFTEENTH DEFENSE**

**(Plaintiff's Breach of Duties)**

As a separate and distinct defense, Defendant alleges that the Complaint and each purported cause of action therein, are barred, in whole or in part, because Plaintiff violated, at a minimum, her

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

obligations as an employee under California Labor Code sections 2854 and/or 2856- 2859, including but not limited to failing to lodge a complaint about the alleged discrimination and retaliation with Defendant.

**SIXTEENTH DEFENSE**

**(Outside Course and Scope)**

As a separate and distinct defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against it because, to the extent any employee engaged in unlawful conduct related to Plaintiff's employment, such conduct was committed outside the course and scope of such employee's employment, was not authorized, adopted or ratified by Defendant, and Defendant did not know, nor should it have known of such conduct.

**SEVENTEENTH DEFENSE**

**(Doctrine of Avoidable Consequences)**

As a separate and distinct defense, Defendant alleges that some or all of the causes of action in the Complaint are barred, in whole or in part, by the doctrine of avoidable consequences because Defendant: (a) maintained an anti-discrimination policy, anti-harassment policy, anti-retaliation and/or open door policies; and (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**EIGHTEENTH DEFENSE**

**(Exercise of Reasonable Care to Prevent/Correct)**

As a separate and distinct defense, without admitting that Defendant engaged in any of the acts or omissions attributed to it in the Complaint, Defendant alleges that Plaintiff's Complaint and each purported cause of action therein cannot be maintained against Defendant because Defendant exercised reasonable care to prevent and correct promptly any discriminatory, or otherwise unlawful behavior, if any, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to "otherwise avoid harm."

**NINTEENTH DEFENSE**

**(No Private Right of Action)**

As a separate and distinct defense, Defendant alleges that Plaintiff's cause of action for failure

to prevent discrimination related to Plaintiff's employment is barred because there is no private right of action for this claim under California Government Code section 12940(k).

**TWENTIETH DEFENSE**

**(Managerial Privilege)**

As a separate and distinct defense, Defendant alleges that any conduct, including Defendant's managers' handling of the termination of Plaintiff's employment, while acting in the course and scope of employment was protected by the managerial privilege and that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith, for proper and lawful reasons and/or justified by legitimate and substantial business reasons.

**TWENTY-FIRST DEFENSE**

**(Legitimate Business Reasons/Good Cause)**

As a separate and distinct defense, Defendant alleges that the conduct towards Plaintiff by Defendant and/or Defendant's representatives, was undertaken reasonably, in good faith, and with good cause by reason of business necessity and/or for lawful reasons.

**TWENTY-SECOND DEFENSE**

**(At-Will Employee)**

As a separate and distinct defense, Defendant alleges that the Complaint and each purported cause of action therein are barred, in whole or in part, because Plaintiff was an at-will employee for Defendant with no entitlement to continued employment pursuant to Section 2922 of the California Labor Code.

**TWENTY-THIRD DEFENSE**

**(After-Acquired Evidence)**

As a separate and distinct defense, Defendant alleges, on the belief that further investigation and discovery will disclose facts supporting such an allegation, that after-acquired evidence bars and/or limits the amount of damages Plaintiff can recover on her claims, if any.

**TWENTY-FOURTH DEFENSE**

**(Satisfaction of Duties Owed)**

As a separate and distinct defense, Defendant alleges that it fully performed, satisfied, or

discharged any obligations and/or duties it owed to Plaintiff.

**TWENTY-FIFTH DEFENSE**

**(Failure to Exhaust Internal Remedies)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, or the liability for them reduced, to the extent Plaintiff failed to exhaust appropriate internal remedies.

**TWENTY-SIXTH DEFENSE**

**(Failure to Engage/Cooperate in Interactive Process)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred because Plaintiff failed to engage in the interactive process reasonably and in good faith.

**TWENTY-SEVENTH DEFENSE**

**(Undue Hardship)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred to the extent that any accommodation sought by Plaintiff's would have imposed an undue hardship on Defendant.

**TWENTY-EIGHTH DEFENSE**

**(Labor Code Section 226 – No Injury)**

As a separate and distinct defense to the Complaint, as to Plaintiff's claims for violation of California Labor Code Section 226, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint, is barred because Plaintiff has not suffered any injury from any alleged failure by Plaintiff's employer to comply with California Labor Code Section 226.

**TWENTY-NINTH DEFENSE**

**(Labor Code Section 226 – Not A "Knowing And Intentional Failure")**

As a separate and distinct affirmative defense to the Complaint, Defendant alleges that, even assuming *arguendo*, that Plaintiff was not provided with proper itemized statements of wages and deductions, Plaintiff is not entitled to recover damages because Plaintiff's employer's alleged failure

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

to comply with California Labor Code Section 226 was not a "knowing and intentional failure" under California Labor Code Section 226(a).

**THIRTIETH DEFENSE**

**(Failure to Take Meal Breaks Provided Under the Law)**

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges that the Complaint, and the allegations contained therein regarding meal breaks, are barred because to the extent, if any, that Plaintiff did not take any meal break, the failure was because Plaintiff: (1) failed to take breaks that were provided to Plaintiff in compliance with California law; (2) chose not to take meal breaks that were authorized and permitted; or (3) waived the right to meal breaks under California Labor Code section 512(a).

**THIRTY-FIRST DEFENSE**

**(Independent Judgment)**

As a separate and distinct affirmative defense, Defendant alleges that any purported failure of Plaintiff to record all hours of *work* or to take meal and/or rest breaks was the result of Plaintiff's exercise of discretion, independent judgment, and self-determination.

**THIRTY-SECOND DEFENSE**

**(Failure to Take Rest Breaks Provided Under the Law)**

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges that the Complaint, and the allegations contained therein regarding rest breaks, are barred because to the extent, if any, that Plaintiff did not take any rest break, the failure was because Plaintiff: (1) failed to take breaks that were provided to Plaintiff in compliance with California law; or (2) chose not to take rest breaks that were authorized and permitted.

**THIRTY-THIRD DEFENSE**

**(Punitive Damages Barred)**

As a separate and distinct affirmative defense, Defendant alleges that Defendant's good faith efforts to prevent discrimination, retaliation, and any other unlawful acts bars any award for punitive

damages or exemplary damages as set forth in *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999).

**THIRTY-FOURTH DEFENSE**

**(No Acts Committed Justifying Punitive Damages)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover any punitive damages because Defendant committed no acts justifying an award of punitive damages.

**THIRTY-FIFTH DEFENSE**

**(No Knowledge Justifying Punitive Damages)**

As a separate and distinct affirmative defense, Defendant alleges that without admitting to any of the acts, conduct or statements attributed to it by Plaintiff's Complaint, Plaintiff's claims for punitive damages are barred because the acts, conduct or statements contained in Plaintiff's Complaint were not taken with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Defendant.

**THIRTY-SIXTH DEFENSE**

**(Prejudgment Interest Cannot Be Granted)**

As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, because the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**THIRTY-SEVENTH DEFENSE**

**(Failure To State Facts Sufficient For Attorneys' Fees)**

As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Plaintiff has failed to state facts sufficient to entitle her to costs of suit incurred herein and/or an award of attorneys' fees.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**THIRTY-EIGHTH DEFENSE**

**(Bad Faith and/or Frivolous Claims)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and/or her attorneys pursuant to California law including, but not limited to California Labor Code section 218.5, California Code of Civil Procedure § 128.5 and/or Government Code § 12965(b).

**THIRTY-NINTH DEFENSE**

**(Wage Orders – Violation of Due Process)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint and/or causes of action therein are barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

**FORTIETH DEFENSE**

**(Purported Violations Are *De Minimis*)**

As a separate and distinct defense to the Complaint, to the extent Plaintiff seek to recover for alleged violations concerning overtime, Plaintiff cannot maintain such claims because even assuming *arguendo* that Plaintiff is entitled to additional compensation, such alleged violations, if any, are *de minimis*, and therefore not entitled to additional compensation.

**FORTY-FIRST DEFENSE**

**(Conduct Not Knowing, Intentional, or Willful)**

As a separate and distinct affirmative defense, Defendant alleges that, even if Plaintiff is entitled to any additional compensation, which Defendant denies, there was not a willful or intentional failure to pay any such additional compensation to justify an award of damages or penalties or fees.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**FORTY-SECOND DEFENSE**

**(Speculative Damages)**

As a separate and distinct affirmative defense, Plaintiff's claims for damages are precluded to the extent that such damages are speculative.

**FORTY-THIRD DEFENSE**

**(Workers' Compensation Exclusivity and Preemption)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the exclusive remedy provisions of the Workers' Compensation Act, California Labor Code section 3200, *et seq.*

**FORTY-FOURTH DEFENSE**

**(Outside Course and Scope of Employment)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action set forth therein, cannot be maintained because, to the extent that any employees of Defendant took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendant and/or Defendant did not know of nor should it have known of such conduct.

**FORTY-FIFTH DEFENSE**

**(Secreted or Absented)**

As a separate and distinct affirmative defense, Plaintiff's claims for alleged failure to pay wages are barred to the extent that Plaintiff's employer did not reasonably know hours were worked by Plaintiff and/or to the extent Plaintiff deliberately prevented Plaintiff's employer from acquiring knowledge of the hours worked and/or to the extent Plaintiff secreted or absented herself to avoid payment of wages.

**FORTY-SIXTH DEFENSE**

**(No Knowledge of Work)**

As a separate and distinct defense, Defendant alleges that if Plaintiff "worked" hours for which compensation was not paid, Plaintiff's employer had no knowledge, or reason to know, of such "work," such "work" was not suffered or permitted, and such "work" was undertaken without

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

the consent or permission of Plaintiff's employer.

## ADDITIONAL DEFENSES

Defendant does not presently know of all of the facts regarding the conduct of Plaintiff and the claims alleged in the Complaint sufficient to state all affirmative defenses that may exist at this time. Accordingly, Defendant expressly reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by this action against Defendant and that Plaintiff's Complaint be dismissed in its entirety with prejudice;

2. Plaintiff takes nothing by this action;

3. That Judgement be entered in Defendant's favor;

4. That Defendant be awarded its attorneys' and expert fees and costs of suit herein (to the extent permitted by applicable law; and

5. Such other and further relief as the Court deems just and proper.

Dated: May 25, 2023

LITTLER MENDELSON, P.C.

Stacey F. Blank
Dana H. Hassan

Attorneys for Defendant
CENTENE CORPORATION

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, CA 90067.

On May 25, 2023, I served the within document(s):

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Los Angeles, California**.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A confirmation document by the professional messenger service will be retained in our office.)*

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Brian M. Heit
Brady Anderson
ADEPT LEGAL COUNSEL, P.C.
440 North Barranca Avenue, Suite 8933
Covina, CA 91723
Telephone (310) 744-5227
Facsimile (850) 254-1950
Email Brian@adeptcounsel.co
Brady@adeptcounsel.co

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on May 25, 2023 at Los Angeles, California.

Maria Lozano

4881-0325-3350.2 / 082220-1245

# EXHIBIT B

BA20220977016

B1172-3149 10/13/2022 6:59 AM Received by California Secretary of State

**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only
**-FILED-**
File No.: BA20220977016
Date Filed: 10/13/2022

Entity Details

| | |
|---|---|
| Corporation Name | CENTENE CORPORATION |
| Entity No. | 3951008 |
| Formed In | DELAWARE |

Street Address of Principal Office of Corporation

| | |
|---|---|
| Principal Address | 7700 FORSYTH BLVD.<br>SAINT LOUIS, MO 63105 |

Mailing Address of Corporation

| | |
|---|---|
| Mailing Address | 7700 FORSYTH BLVD.<br>SAINT LOUIS, MO 63105 |
| Attention | |

Street Address of California Office of Corporation

| | |
|---|---|
| Street Address of California Office | None |

Officers

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| Sarha London | 7700 FORSYTH BLVD<br>ST. LOUIS, MO 63105 | Chief Executive Officer |
| Christopher Koster | 7700 Forsyth Blvd.<br>Saint Louis, MO 63105 | Secretary |
| Andrew Asher | 7700 Forsyth Blvd.<br>Saint Louis, MO 63105 | Chief Financial Officer |

Additional Officers

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| None Entered | | | |

Agent for Service of Process

| | |
|---|---|
| California Registered Corporate Agent (1505) | C T CORPORATION SYSTEM<br>Registered Corporate 1505 Agent |

Type of Business

| | |
|---|---|
| Type of Business | MEDICAID MANAGED CARE |

Email Notifications

| | |
|---|---|
| Opt-in Email Notifications | No, I do NOT want to receive entity notifications via email. I prefer notifications by USPS mail. |

Labor Judgment

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒ By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Andrew Asher*
Signature

*10/13/2022*
Date

B1172-3150 10/13/2022 6:59 AM Received by California Secretary of State