JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4143 PA (PVCx) | Date | August 9, 2023 |
|---|---|---|---|
| Title | Avida Lazo v. Centene Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

   The Court is in receipt of defendant Centene Corporation's ("Centene") response to the Court's Order to Show Cause why this action should not be remanded due to joinder of a non-diverse defendant after removal.  (See Docket Nos. 15, 21.)

   Plaintiff Avida Lazo ("Plaintiff") filed her First Amended Complaint ("FAC") on June 20, 2023, after Centene removed this action on the basis of diversity jurisdiction.  (See Docket Nos. 1, 14.)  The FAC adds a new defendant, Corrinne Lovendahl ("Lovendahl"), and alleges that both Lovendahl and Plaintiff are residents of the County of Los Angeles.  (Docket No. 14 ¶¶ 1, 3.)  The FAC alleges employment discrimination, hostile work environment, and wage-and-hour claims against Centene, as Plaintiff's former employer, and against Lovendahl, as Plaintiff's former supervisor.  (Id. ¶¶ 28–54.)  In Centene's response to the Order to Show Cause, Centene does not challenge Lovendahl and Plaintiff's lack of diversity of citizenship; rather, Centene argues that this action should not be remanded because none of Plaintiff's claims can be maintained against Lovendahl and because Plaintiff joined Lovendahl solely for the purpose of destroying diversity jurisdiction.  (Docket No. 21.)

   If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court.  28 U.S.C. § 1447(e); see also McCleney v. Wyndham Vacation Ownership, Inc., No. 222CV01927FLASKX, 2023 WL 4745741, at *2 (C.D. Cal. July 25, 2023) (explaining that 28 U.S.C. § 1447(e) rather than Rule 15(a) applies when a plaintiff seeks to add a diversity-destroying defendant).  "Congress added subsection (e) to § 1447 with the express purpose of taking advantage of the opportunity to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal."  Cross v. Kellwood Retail Grp., No. C 08-5075 PJH, 2009 WL 250454, at *3 (N.D. Cal. Feb. 3, 2009) (citing H.R.Rep. No. 889, 100th Cong., 2d Sess. 72-73, reprinted in 1988 U.S.C.C.A.N. 6033).  Under § 1447, the decision whether to permit joinder of a party that will destroy diversity jurisdiction remains in the sound discretion of the district court, and will be reviewed under an abuse of discretion standard.  See Newcombe v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4143 PA (PVCx) | Date | August 9, 2023 |
|---|---|---|---|
| Title | Avida Lazo v. Centene Corporation, et al. | | |

Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998); Palestini v. General Dynamics Corporation, 193 F.R.D. 654, 658 (C.D. Cal. 2000). In evaluating whether to permit or deny diversity-destroying joinder, the district court may consider factors such as: (1) whether the party could be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude the plaintiffs from bringing an action against the new defendants in state court; (3) whether there has been an unexplained delay in seeking joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) the merits of the claims against the new defendants; and (6) the potential for prejudice. See IBC Aviation Servs., Inc. v. Compañia Mexicana de Aviacion, S.A., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (collecting cases); see Newcombe, 157 F.3d at 691 (holding that evaluation of joinder under § 1447(e) requires the district court to "balance the equities" and consider the potential for prejudice to both parties).[1/]

Additionally, a non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). However, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal.

---

[1/] Centene contends that the FAC is improper because Plaintiff did not seek leave from the Court prior to filing it. The Court declines to strike the FAC on this procedural ground and proceeds to evaluate the addition of Lovendahl as a diversity-destroying defendant under § 1447(e) and the factors described supra in IBC, 125 F. Supp. 2d at 1011. See, e.g., Viveros v. Ford Motor Co., No. 21-CV-527 TWR (BGS), 2021 WL 5989365, at *3 (S.D. Cal. July 28, 2021) (considering the joinder of diversity-destroying defendant under § 1447(e) even though plaintiff did not seek leave from the court to file first amended complaint); Nash-Perry v. JTH Tax, Inc., No. CV 19-5843-GW-FFMX, 2019 WL 5902103, at *3 (C.D. Cal. Nov. 8, 2019) ("Although Plaintiff did not file a specific motion requesting leave to amend the complaint, the Court will treat the filing of the first amended complaint as a de facto motion for leave to amend, given that post-removal amendments to a complaint that destroy diversity are not permitted as a mere matter of course" under § 1447(e).).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4143 PA (PVCx) | Date | August 9, 2023 |
|---|---|---|---|
| Title | Avida Lazo v. Centene Corporation, et al. | | |

Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42–43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quotations omitted).

Here, although the addition of Lovendahl defeats diversity jurisdiction, Plaintiff appears to have at least a colorable, hostile work environment claim against Lovendahl based on the allegations in the FAC. See Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1248 (N.D. Cal. 2014) (explaining that harassment claims such as hostile work environment claims are cognizable against non-employer individual defendants under California's Fair Employment Housing Act) (citing Reno v. Baird, 18 Cal.4th 640, 644, 76 Cal.Rptr.2d 499, 957 P.2d 1333 (1998)).[2] Moreover, the Court cannot conclude on this record that Plaintiff would not be afforded leave to amend the FAC to cure any purported deficiencies with regard to her hostile work environment claim. Additionally, Plaintiff has not engaged in substantial delay in filing her FAC. This action is in the early stages of the proceedings because it was removed to this Court on May 26, 2023. Plaintiff then filed the FAC less than one month after removal, and, at that time, the trial and pretrial dates had not yet been set. With regard to prejudice, Centene merely contends that joinder of Lovendahl would "divest Centene of its right to pursue its

---

[2] Centene also contends that Plaintiff did not exhaust her administrative remedies with regard to some of her claims against Lovendahl – including the hostile work environment claim – because the complaint Plaintiff filed with the California Department of Fair Employment and Housing ("DFEH") named only Centene as a defendant. However, "[c]laims in a complaint subsequently filed in court can include the precise unlawful practices mentioned in the DFEH complaint as well as claims like or reasonably related to the DFEH complaint that would be necessarily be uncovered in the course of a DFEH investigation." Garcia v. Los Banos Unified Sch. Dist., 418 F. Supp. 2d 1194, 1215 (E.D. Cal. 2006). Cf. Medix Ambulance Service, Inc. v. Superior Court, 97 Cal.App.4th 109, 115–18, 118 Cal.Rptr.2d 249 (2002) (finding administrative remedies not exhausted with respect to individual defendants who were neither listed as respondents in the administrative charge nor named in the body of the complaint as alleged perpetrators) (emphasis added). Here, Plaintiff's DFEH complaint contains ample allegations regarding Lovendahl. (See Docket No. 1, Ex. A.) Notably, the DFEH complaint, like the FAC, alleges that Lovendahl was the perpetrator of Plaintiff's harassment. Plaintiff's current claims against Lovendahl are reasonably related to the claims alleged in the DFEH complaint and would necessarily be uncovered in the course of a DFEH investigation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4143 PA (PVCx) | Date | August 9, 2023 |
|---|---|---|---|
| Title | Avida Lazo v. Centene Corporation, et al. | | |

defense in federal court." (Docket No. 21 at p. 7.) Thus, Centene has not identified sufficient prejudice beyond a preference for a federal forum.

Overall, remanding this action would serve the legitimate purpose of conserving litigant and judicial resources by allowing for presentation of any overlapping facts of Plaintiff's various claims in a single action. Moreover, the Court notes that § 1447 provides parties the opportunity to alter the character of their cases in such a way that the Court's subject matter jurisdiction is likely to be impacted. The Court concludes that the addition of Lovendahl as a defendant is justifiable. See IBC, 125 F. Supp. 2d at 1012; see also id. ("Suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants."); Trotman v. United Parcel Serv., No. C-96-1168-VRW, 1996 WL 428333, at *1 (N.D. Cal. Jul. 16, 1996).

For the foregoing reasons, the Court finds that the overall balance of equities favors remand of this action. Because the parties named in the FAC are not diverse, the Court remands this action to Los Angeles County Superior Court, Case No. 23STCV09160, for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1447(c) & (e).

IT IS SO ORDERED.